**FILED**

JUN 0 8 2023

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____DEP CLK

# United States District Court
Eastern District of North Carolina
Western Division

Case No. 5:23-CT-3047-FL

Wendt, Samuel C.

Inmate Number 1644320

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Bullard, Jamie; FNU Baysden; Grande, Kimberly; Bailey Raymond; FNU HOVIS; NC Dept of Adult Correction

AMENDED
**COMPLAINT**
(*Pro Se* Prisoner)

Jury Demand?
☒ Yes
☐ No

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

## NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☒ 42 U.S.C. § 1983 (state, county, or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

☐ Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

## II. PLAINTIFF INFORMATION

Name: Wendt, Samuel C.

Prisoner ID #: 1644320

Place of Detention: Piedmont Correctional Institution

Institutional Address: 1245 Camp Drive

City: Salisbury  State: NC  Zip Code: 28147

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐ Pretrial detainee  ☒ State  ☐ Federal
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: __Bullard, Jamie__
Name

__Warden Tabor City Correctional Inst. (Hereafter TCI)__
Current Job Title

__4600 Swamp Fox Hwy 904 W__
Current Work Address

__Tabor City__   __NC__   __28463__
City    State    Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both


Defendant 2: __Baysden, FNU__
Name

__Deputy Warden__
Current Job Title

__4600 Swamp Fox Hwy 904 W__
Current Work Address

__Tabor City__   __NC__   __28463__
City    State    Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both


Defendant 3: Grande, Kimberly
Executive Director
4297 Mail Service Center
Raleigh, NC 27699-4207

**Defendant(s) Continued**

Defendant ~~5~~ 4:
Name: Bailey, Raymond
Current Job Title: Deputy Warden / Acting Chaplain
Current Work Address: Same as #1
City: _____  State: _____  Zip Code: _____

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

Defendant ~~4~~ 5:
Name: Hovis, FNU
Current Job Title: Chaplain — formerly TCI
Current Work Address: ~~Same as #1~~ Unknown; Likely 4260 MSC
City: Raleigh  State: NC  Zip Code: 27699-4260

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

Defendant 6: NC Dept of Adult Correction (hereafter NCDAC)

State Department

4260 Mail Service Center

Raleigh, NC 27699-4260

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Tabor City Correctional Institution (TCI)

Date(s) of occurrence: October 17, 2020 — March 16, 2023

State which of your federal constitutional or federal statutory rights have been violated:

First and fourteenth amendment rights secured by the United States Constitution

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:

> Who did what to you?

1. Plaintiff Wendt has been a Life long Catholic, was confirmed in that Faith in March 2017, and consistently participated in Weekly Holy Mass, Communion, Confession and music ministry since then at locations in and around the Fort Bragg/Raeford, NC area until his confinement in August, 2020.

2. Defendant Hovis was the chaplain at TCI from October 2020 to Approximately July/August 2022. Hovis did not conduct, nor did he allow others to conduct any religious services, bible studies, prayer meetings, or group functions during this time. Wendt contacted Hovis multiple times regarding the lack of services, but Hovis did Nothing to accomodate those requests.

3. Defendant Baysden was Hovis' immediate supervisor from October 2020 - Approx. March/April 2022. During that time

Page 5 of 10

He failed to use his authority to require Hovis to resume services. In June/July 2021, Baysden authorized outside teachers to enter ~~resume~~ TCI and resume educational classes, but failed to allow outside ministers/clergy to resume religious instruction or meetings. The educational classes at TCI freely mixed medium and close custody inmates for several hours daily.

4. Upon Baysden's retirement, Defendant Bailey assumed Baysden's duties and continued the practice of allowing educational classes but not religious instruction/services.

5. On or about June 15, 2021, Green unit staff forced Wendt to surrender several religious books citing internal TCI policy. These books were: Thayers Concordance, New Testament Greek-Latin-English polyglot in 3 volumes, and a Catechism of the Catholic Church.

6. In a personal interview with Hovis on December 1st 2021, Hovis told Wendt that he could resume services with faith helpers for minority faith groups, but not for christians. Hovis claimed DAC policy requires outside volunteers to be present for majority faiths, but this is not required for small/minority faith groups.

7. Wendt contacted the Bishopric in Raleigh, NC. Wendt was placed in contact via letters with the local prison ministry coordinator. Wendt was informed, and therefore beleives, that Hovis was not allowing ministers to enter TCI.

What was your injury?

8. On or about May 1 2022 Mask mandates were lifted at TCI. Educational classes continued, but religious instruction was not resumed.

9. Wendt filed a grievance on August 15, 2022 citing the fact that he had not been allowed to practice the tenets of his faith since October 2020. Specifically the Sacraments of Communion, Holy Mass, and confession. This grievance did not result in the resumption of services at TCI. Instead both Bailey and Defendant Grande encouraged Wendt to be "patient" and dismissed the grievance as "Resolved by prison staff."

10. Wendt was promoted to medium custody on September 23, 2022 but was not moved to medium custody Housing because of a "Lack of Bed space." He remained Housed in close custody until March 16, 2023.

11. On Dec 6, 2022 a non-denominational bible study took place in the TCI chapel, Wendt and two other close custody inmates attended. Upon completion of the study, Bailey discovered Wendt and the 2 others were Close custody, Became visibly agitated, and ordered the other two to return to green unit instead of to their work assignment which could have resulted in Reprimand or termination. Bailey told all three that close custody inmates couldn't attend services. Later, Bailey instituted a system where close custody inmates could only attend services 1 week out of a month, while at the same time continuing to freely mix close/medium custody in educational classes.

12. Wendt was unable to attend services in January 2023 because Blue unit staff refused to open his locked cell door when services were called

> Please See Continuation pages for Rest of complaint.

Note: Plaintiff cannot comply with Rule 10 as NCDAC Does Not provide Computers/wordprocessors Nor any assistance in filing suits Challenging Conditions of Confinement.

Injury:

Plaintiff Wendt claims significant anxiety, stress, depression, aggrivation of his existing PTSD diagnosis (Veteran/Combat related trauma), weight gain, and irregular blood pressure as a result of 26 months without the Sacrament of communion and 31 months without Holy mass or Confession, which are basic tenets of his Catholic Faith.

13. Wendt Finally received communion on Feb 6, 2023, However he still had never received the Sacraments of Holy Mass Nor Confession. Wendt received communion only twice more before his departure on March 16, 2023 despite communion being offered Weekly to Medium custody Housed inmates.

Legal Claims

1. Defendant Hovis provided no services during Wendt's time at TCI despite multiple requests. His inaction constitutes a Gross Violation of Plaintiff Wendt's First amendment Rights Regarding the tenets of his Faith.

2. Defendants Baysden and Bailey allowed educational classes, but Not religious instruction at TCI. This constitutes a Gross Violation of Wendt's First and Fourteenth Amendment Rights by intentionally favoring one program over the other.

3. Defendant Bailey maliciously and intentionally discriminated against Close Custody Housed inmates by allowing the mixing of custody levels in daily educational settings, While denying the same circumstances in religious settings. Bailey also Failed to Force Hovis to resume religious instruction/meetings When mask mandates were dropped. This is also a First and Fourteenth amendment Violation.

4. Defendant Grande claimed the Grievance Wendt submitted was Resolved by prison Staff and is therefore dismissed. Despite Wendt having Not yet received any of the tenets of services of his faith that he Requested.

Wendt did not actually receive communion until 5 months later and never participated in Holy Mass or confession. Grande knew or should have known that this not only affected Wendt, but all inmates @ TCI. Her inaction is a violation of Wendt's First amendment Rights.

5. Defendant Bullard knew or should have known that religious services were not being conducted at TCI. He also should have known the denial of this right would have a negative impact on the well being and recovery of inmates in his charge. Bullard met regularly with Horis, Bailey and Baysden and took no action to ensure services were resumed. Bullard also was required to reply to Wendt's step two grievance - yet he delegated it to Bailey. While the Warden can delegate authority to respond to grievances, he cannot delegate the ultimate responsibility of the welfare of The inmates in his custodial care. This constitutes a first and Fourteenth amendment violation.

6. Defendant NC DAC enforces a policy that favors minority religious groups over larger faith groups. By allowing minority faith groups to gather without outside volunteers, yet not allowing Christians to gather under similar circumstances violates the First and Fourteenth amendments. Plaintiff understands that no exception is allowed when outside volunteers are either unavailable (no volunteers) or unable to enter NC prisons. Under these circumstances minority faiths may practice their faith as a group - but Christians cannot.

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?  ☒ Yes  ☐ No
If no, explain why not:

Is the grievance process completed?  ☒ Yes  ☐ No
If no, explain why not:

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

Wendt pleas the Court to enter the following Judgements:
1. Grant Plaintiff a declaration that the acts and omissions described herein violated his Rights under the U.S.C. 2. an Injunction ordering NC DAC to revise its Religious policy concerning outside Volunteers to better reflect the Constitution. 3. Grant Wendt $50,000 Compensatory damages against the defendants Jointly and Severally. 4. Grant Wendt Punative Damages of $5,000 against Def Bailey for His Willful discrimination against Close custody housed inmates. 5. Grant Wendt Recovery of costs of this Suit.

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner? ☐ Yes  ☒ No

If yes, how many? _____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

3 June 2023
Dated

_S. C. _____
Plaintiff's Signature

Samuel Clement Wendt
Printed Name

1644320
Prison Identification #

1245 Camp Drive | Salisbury | NC | 28147
Prison Address | City | State | Zip Code