## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

### NO. 5:23-CT-3047-FL

|  |  |  |
|---|---|---|
| SAMUEL CLEMENT WENDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMIE BULLARD, RAYMOND BAILEY, | ) | |
| CHAPLAIN HOVIS, DEPUTY WARDEN | ) | |
| BAYSDEN, and KIMBERLY GRANDE, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on plaintiff's motions to appoint counsel (DE 55), to stay discovery (DE 69), for leave to depose non-party witnesses (DE 71), for extension of time to complete discovery (DE 73, 83), to compel responses to plaintiff's first set of discovery requests (DE 74), and for reconsideration of the court's April 27, 2024, order (DE 79).   Also before the court are defendants' motions for extension of time to respond to plaintiff's discovery requests (DE 72, 80), and to respond to plaintiff's motion to compel (DE 81).

### BACKGROUND

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint February 15, 2023, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983.

---

[1]      The court severed the claims of formerly named plaintiffs Brandon S. Goins, David W. Hemrick, Dallas M. Bullock, Reginald Millard, Allen Littlejohn, Lucas Molesky, Trenton Shew, Quintin Taylor, Reginald L. Butler, Corey Moore, Roger L. Taylor, John Doe, and Prince E. Hannah by separate order entered April 6, 2023.   In addition, the court constructively amends the case caption to reflect dismissal of plaintiff's claims against former defendants Mark Barnhill, North Carolina Department of Public Safety, Todd Ishee, Janet Dexter, Clayton Brewer, Glenda Jackson, Unit Manager Brown, Asst. Unit Manager Shaw, Unit Manager Collins, Unit Manager McLaughlin, Wakenda Greene, Brandeshawn Harris, Edward Buffaloe, Eric Carr, John Yonker, and John Doe property owners.

Following resolution of defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this action proceeded to discovery on three distinct claims: 1) First Amendment Free Exercise claim premised on alleged denial of Catholic religious services at the Tabor Correctional Institution during the COVID-19 pandemic; 2) First Amendment Establishment Clause claim based on the same denial of religious services; and 3) Fourteenth Amendment equal protection claim premised on defendants allegedly permitting minority faith groups to conduct religious services with inmate helpers while denying that same opportunity to Catholic inmates. (Aug. 27, 2024, order (DE 40) at 8–11).

By way of the instant motions and related filings,[2] plaintiff moves for appointment of counsel to assist with discovery, stay of discovery pending the court's decision on appointment of counsel, additional time to conduct discovery, leave to conduct depositions by written questions on non-parties, and to compel responses to plaintiff's discovery requests. Defendants responded in opposition to the motion to compel, and they also seek additional time to complete discovery.

## COURT'S DISCUSSION

A.    Motion to Appoint Counsel

The court begins with plaintiff's motion to appoint counsel.[3] There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends

---

[2]    Since January 30, 2025, plaintiff has filed approximately 23 separate documents pertaining to discovery on in the instant case file.

[3]    In subsequent filings, plaintiff suggests that he has secured representation and that a notice of appearance by counsel is forthcoming. (DE 83 at 6). Nothing in this order precludes plaintiff from retaining counsel on his own or securing pro bono assistance. The court's ruling herein applies only to plaintiff's request for court-appointed counsel.

upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Thus, "[t]he district court must . . . assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024). Importantly, legal "inexperience and incarceration alone do not warrant appointment of counsel." Id. at 249.

Here, plaintiff has demonstrated through his filings that he is capable of proceeding pro se, and his claims are not so complex to warrant appointing counsel at this stage of the proceedings. To the extent plaintiff seeks appointment of counsel for trial, he may renew this request in the event his claims survive defendants' forthcoming motion for summary judgment. As to the law library issues, plaintiff claims he does not have access to a "physical law library" but he neglects to mention that he has access to electronic tablets that permit legal research. See N.C. Dep't of Adult Corr., Div. of Insts. Policies and Procedures, ch. G, § 200, Court Related Procedures at 2, available at https://public.powerdms.com/NCDAC/tree/documents/2050358. Accordingly, the motion to appoint counsel is denied without prejudice on the terms herein, and the motion to stay discovery pending ruling on the motion to appoint counsel is denied as moot.

B.    Discovery Issues

As to the broader requests for extension of time to complete discovery (DE 73, 83), these motions are granted and the court will reopen discovery for one additional period of four months. Defendants' motion for extension of time to respond to plaintiff's second set of requests for production of documents also is granted, and the responses are due on the schedule below.[4]   In the absence of extraordinarily compelling circumstances, no further extensions of the overall discovery deadline will be allowed.    With the foregoing extension, the court has afforded plaintiff ample time to conduct discovery, and it is time to proceed to the dispositive motions stage of this case.

Moreover, while the court does not place limits on discovery at this stage, plaintiff is reminded that the scope of discovery is limited by the following:

> [whether the discovery requests are] proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).   Plaintiff recently filed on the court's docket his sixth set of requests for admissions, third set of requests for production of documents, and second set of interrogatories. (DE 75, 76, 77).   The discovery rules do not permit a never-ending cycle of further discovery requests each time plaintiff receives responses from defendants, especially as regards to issues tangential to the underlying litigation or not proportional to the needs of the case under the standard set forth above.    See Fed. R. Civ. P. 26(b)(1).    In other words, discovery is not a fishing expedition that permits plaintiff to seek discovery on every conceivable factual issue related to

---

[4]       Defendants' remaining motions for extension of time (DE 72 81) are denied as moot where the subject responses or filings now have been served on plaintiff or entered on the docket.   (See DE82).

4

religious programming at the Tabor C.I.   See id.; R. Ernest Cohn, D.C., D.A.B.C.O. v. Bond, 953 F.2d 154, 159 (4th Cir. 1991) ("Discovery should not become a fishing expedition.").

Turning to plaintiff's request to modify the expired deadline for amending the pleadings, this request must be denied.   A "schedule may be modified only for good cause and with the judge's consent."   Fed. R. Civ. P. 16(b)(4).   "[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008).   The Rule 16 standard primarily turns on the diligence of the party seeking to amend after the deadline in a scheduling order.   See id.; see also Montgomery v. Anne Arundel County, 182 F. App'x 156, 162 (4th Cir. 2006) ("Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party.").

Here, the court entered the initial scheduling order December 17, 2024, which provided that any motion to amend the pleadings must be filed by March 17, 2025.   (DE 54 at 1).   But during this time period plaintiff never alerted the court of the need to extend the deadline due to any delays obtaining discovery.   Thus, the court has afforded plaintiff sufficient time to identify the pertinent claims in this action and determine the appropriate defendants, and plaintiff fails to show that he diligently pursued discovery to identify additional defendants or claims during the initial period provided in the scheduling order.   Accordingly, the request to extend the deadline for amending the pleadings is denied.

Plaintiff's motion to compel (DE 74) also is denied.   In response to this motion, defendants indicate they have supplemented their document production as to several requests.   In addition, to the extent defendants declined to produce documents, the court finds defendants'

5

objections and explanation of same in the opposition brief (DE 82) are well-taken, and plaintiff fails to identify any specific defect in defendants' objections. (See Mot. to Compel (DE 74)).

Turning next to plaintiff's motion to take deposition by written questions of various non-parties, Federal Rule of Civil Procedure 31(a)(3) provides that:

> A party who wants to depose a person by written questions must serve them on every other party, with a notice stating, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs. The notice must also state the name or descriptive title and the address of the officer before whom the deposition will be taken.

Fed. R. Civ. P. 31(a)(3). Plaintiff's motion is deficient where he does not identify the officer/stenographer who will be taking the depositions or the location for the depositions. In addition, plaintiff fails to explain how he will pay the costs of the officer who must be present, or that he has a pro bono arrangement with the officer. See 28 U.S.C. § 1915(c), (d) (describing court's responsibilities when the plaintiff proceeds in forma pauperis, which does not include payment of discovery costs); Nance v. King, No. 88–7286, 1989 WL 126533, at *1 (4th Cir. Oct. 18, 1989) ("A district court generally has no duty to subpoena witnesses for an indigent litigant who cannot pay the witness fees in civil, non-habeas cases.").[5] Accordingly, the court declines to permit any depositions by written questions in this case.

To the extent allowed by Department of Adult Correction policy, plaintiff may request that the witnesses identified in this motion provide evidentiary support for his claims, such as a declaration or affidavit signed under penalty of perjury, that plaintiff may use at summary judgment. See Fed. R. Civ. P. 56(c). Plaintiff also may incorporate by reference any

---

[5]    Notably, plaintiff paid the filing fee in this action, but he requests to proceed in forma pauperis for purposes of conducting depositions by written questions. (DE 71 at 1).

declarations or affidavits previously filed in this action by formerly named plaintiffs.  See Goodman v. Diggs, 986 F.3d 493, 498–99 (4th Cir. 2021).

The final discovery issue is plaintiff's voluminous and unnecessary filings clogging the docket.  The court's Local Civil Rules specifically prohibit filing discovery materials on the docket unless ordered by the court or necessary to resolve a motion.  See Local Civ. R. 26.1.  Plaintiff instead should serve discovery requests on defendants' counsel.  The court directs plaintiff to cease filing discovery requests or defendants' responses thereto on the docket unless necessary for resolution of a motion.

C.      Motion for Reconsideration

Plaintiff also moves for reconsideration of the court's August 27, 2024, order, alleging the court overlooked his request to amend the complaint to assert claims premised on the North Carolina Constitution.   But plaintiff never raised this alleged error in the August 27 order during the time period for amending the pleadings in the governing case management order, which expired March 17, 2025.   (DE 54 at 1).   Indeed, plaintiff filed the instant motion approximately two months after this deadline expired, and he offers no justification for his tardy submission.  See Fed. R. Civ. P. 16(b)(4); Montgomery, 182 F. App'x at 162; (DE 79).   In these circumstances, where plaintiff was afforded time to request leave to amend the pleadings after the court allegedly overlooked this aspect of his prior motion to amend, but he failed to do so, the court declines to allow amendment of the complaint more than two months after the deadline expired.

**CONCLUSION**

Based on the foregoing:

1) Defendants' motions for extension of time to respond to plaintiff's first set of interrogatories and second set of requests for production of documents (DE 72) and to respond to plaintiff's motion to compel (DE 81) are DENIED as moot;

2) Defendants' motion for extension of time to respond to plaintiff's second set of requests for production of documents (DE 80) is GRANTED and this deadline is hereby extended to **June 17, 2025**;

3) Plaintiff's motions to reopen discovery and for extension of time to complete discovery (DE 73, 83) are GRANTED and the discovery period in this action is hereby REOPENED. All remaining discovery must be commenced or served in time to be completed by **October 10, 2025**. All motions, including dispositive ones, shall be filed by **November 10, 2025**;

4) Plaintiff's motions to appoint counsel (DE 55), to stay discovery (DE 69), for leave to depose non-party witnesses (DE 71), to compel discovery responses (DE 74), and for reconsideration of the August 27, 2024, order (DE 79) are DENIED. The motions to appoint counsel and for stay of discovery are denied without prejudice and as moot, respectively, on the terms set forth above;

5) Plaintiff is DIRECTED to cease filings discovery materials or requests for discovery on the court's docket except on the terms described above.

SO ORDERED, this the 10th day of June, 2025.

LOUISE W. FLANAGAN
United States District Judge

8